(87 Misc. Rep. 306)      RICHTMAN v. JACOBS.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

LANDLORD AND TENANT (§ 164*)—DEFAULT—PROOF OF CAUSE OF ACTION.

In an action by a tenant against a landlord, where the landlord defaulted, and plaintiff proved upon the inquest that he had notified the landlord's agent that the ceiling in a toilet used by the tenant and other tenants was in bad condition, but that it was not repaired, and that thereafter the ceiling fell, inflicting the injuries complained of, a judgment dismissing the action upon the merits was clearly erroneous.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Sol Richtman against Carrie L. Jacobs. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Abraham B. Brenner, of New York City, for appellant.

Alfred E. Holmes, of New York City, for respondent.

SEABURY, J. The plaintiff appeals from a judgment dismissing the complaint upon the merits. The plaintiff was a tenant in a tenement house owned by the defendant, and notified defendant's agent that the ceiling in the toilet used by other tenants in common with the plaintiff was cracked and in bad condition. The ceiling was not repaired by the defendant, and fell upon the plaintiff, causing the injuries for which the plaintiff brings this action to recover damages. When the case was called for trial, the defendant did not appear, and an inquest was ordered. Upon the inquest the plaintiff proved the facts recited above, and the trial justice dismissed the complaint upon the merits. This was clearly erroneous.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.